UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SAMI MITRI,**<br><br>        **Plaintiff**<br><br>      v.<br>**WALGREEN COMPANY,**<br><br>        **Defendant** | **CASE NO. 1:10-CV-538 AWI SKO**<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

      Following a jury trial and various post-trial motions, the Ninth Circuit affirmed in part, reversed in part, and remanded the matter to this Court on April 1, 2014. See Doc. No. 138. The Ninth Circuit remanded this matter in order to address the issue of whether the punitive damages awarded by the jury should be reduced because, as awarded, they were constitutionally excessive. See id.

      On April 10, 2014, a letter from Plaintiff was filed in which Plaintiff requested that the Court set a case management conference in light of the remand, and also requested that additional briefing be submitted in light of intervening case authority. See Doc. No. 139. The Court denied the request, but stated that once the Ninth Circuit had issued its mandate, the Court would set a briefing schedule. See Doc. No. 140.

      On April 22, 2014, the Ninth Circuit denied Defendant's motion for rehearing. See Doc. No. 141. However, the Ninth Circuit stated that this Court may consider Defendant's arguments regarding whether Robert Hasty acted with "oppression, fraud, or malice," or whether Hasty authorized or ratified the conduct at issue. See id.

Also on April 22, 2014, Defendant sent notice of the Ninth Circuit's order and requested that a briefing schedule be set on three issues: (1) whether Plaintiff established by clear and convincing evidence that Robert Hasty acted with oppression, fraud, or malice; (2) whether Plaintiff established by clear and convincing evidence that Robert Hasty "authorized or ratified" any conduct amounting to oppression, fraud, or malice;[1] and (3) whether the amount of punitive damages awarded by the jury was excessive. See Doc. No. 142. Plaintiff filed no response to this letter.

On May 1, 2014, the Ninth Circuit issued its mandate. See Doc. No. 143.

Now that mandate has been issued, it is appropriate to set a briefing schedule. However, the Court will not set a hearing date. If after reviewing the submissions of the parties the Court determines that a hearing would be helpful, then the Court will set a hearing date at that time.

Accordingly, IT IS HEREBY ORDERED that:

1. On or by May 19, 2014, Defendant shall file a memorandum on the issues of whether the jury award was excessive, and whether there was sufficient evidence of malice, fraud, or oppression, including whether Robert Hasty authorized or ratified malicious, fraudulent, or oppressive acts;[2]

2. On or by June 2, 2014, Plaintiff shall file an opposing memorandum; and

3. On or by June 9, 2014, Defendant may file a reply memorandum.

IT IS SO ORDERED.

Dated:  May 5, 2014                              _____
                                                  SENIOR DISTRICT JUDGE

---

[1] This issue was not part of Defendant's renewed Rule 50 motion. See Doc. No. 105. However, the issue was raised in Plaintiff's opposition, and addressed in Defendant's reply. See Doc. Nos. 109, 110.

[2] The Court understands that there has already been briefing on these issues. However, given the Ninth Circuit's opinion and the possibility of relevant intervening case law, the Court finds it preferable to order the parties to submit additional briefing. Additionally, instead of merely incorporating by reference any previously made arguments, the Court requests that the parties expressly and fully include within their new briefing all arguments that they wish the Court to consider.