UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMI MITRI,<br><br>           Plaintiff<br><br>    v.<br>WALGREEN COMPANY,<br><br>           Defendant | CASE NO. 1:10-CV-538 AWI SKO<br><br>ORDER ON DEFENDANT'S MOTION<br>FOR RECONSIDERATION<br><br>(Doc. No. 151 ) |

    This was a wrongful termination in violation public policy case brought by Plaintiff Sami Mitri ("Mitri") against his form employer Defendant Walgreen Co. ("Walgreens"). The jury found for Mitri and awarded him $88,000 in compensatory damages (all economic) and $1.155 million in punitive damages. Following a remand from the Ninth Circuit, the Court denied Walgreens's renewed Rule 50 motion and motion to reduce punitive damages. Walgreens has filed a motion for reconsideration under Rule 60(b). For the reasons that follow, the motion will be denied.

.

## **RULE 60(b) FRAMEWORK**

    Federal Rule of Civil Procedure 60(b) Rule permits a district court to relieve a party from a final order or judgment on grounds of: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Relief under Rule 60(b)(1) may be appropriate where a party "demonstrates that the court made a 'mistake' . . .

[and] a district court's erroneous reading of the law is a 'mistake' sufficient to require reconsideration of an order." Yniques v. Cabral, 985 F.2d 1031, 1034 (9th Cir. 1993) "The Rule 60(b)(6) 'catch-all' provision . . . applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60." Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007).

Local Rule 230(j) addresses motions for reconsideration. Under this Local Rule, a party is required to set forth *inter alia* "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j)(3). Motions for reconsideration are not the place for a party to make a new argument that was not raised in an original brief. Clarke v. Upton, 2012 U.S. Dist. LEXIS 181234, *3 (E.D. Cal. Dec. 20, 2012); Arteaga v. Asset Acceptance, LLC, 733 F.Supp.2d 1218, 1236 (E.D. Cal. 2010). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Arteaga, 733 F.Supp.2d at 1236; U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Reconsideration should not be used merely to ask the court to rethink what it has already thought. Clarke, 2012 U.S. Dist. LEXIS 181234 at *3; Arteaga, 733 F.Supp.2d at 1236.

## DEFENDANT'S MOTION

*Defendant's Arguments*[1]

Walgreens argues that the Court's order shows mistake and inadvertence because the Court applied the wrong evidentiary standard to its review of "malice" and "ratification." The Court relied on the general framework of a Rule 50(b) motion but then erroneously relied on facts that were established only by a preponderance of the evidence instead of requiring facts be proven by clear and convincing evidence. The Court's obligation was to determine whether there was substantial evidence to support the punitive damages determination by clear and convincing evidence, not to see if the evidence was adequate to support the jury's conclusion even if it was

---

[1] Plaintiff filed an opposition to Defendant's motion. Plaintiff argued that the Court's analysis was sound and correct.

possible to draw a contrary conclusion.  The error is apparent throughout the order because many facts at best were only established by a preponderance of the evidence.

Walgreens also argues that the 13:1 punitive damages ratio is unconstitutional.  Walgreens argues that the Court failed to follow the *BMW* guideposts and focused too much on Walgreens's net worth.  A single digit multiplier is all that is permissible and several California cases have reduced punitive damages to a one to one ratio.

*Discussion*

Walgreens is incorrect that the Court used the wrong evidentiary standard in evaluating the issues of "malice" and "ratification."  The Court reviewed the evidence under the standard of a Rule 50 motion.  That standard requires the Court to view the evidence in the light most favorable to Plaintiff and to make all reasonable inferences in Plaintiff's favor, even if contrary inferences are possible.  See Hagen v. City of Eugene, 736 F.3d 1251, 1256 (9th Cir. 2013); Harper v. City of L.A., 533 F.3d 1010, 1021 (9th Cir. 2008).  Not every fact found by the Court was supported by direct evidence, and many facts entailed a rejection of some of Walgreens's evidence or Walgreens's interpretation of the evidence.[2]  This does not mean that the facts identified in the Court's order were not adequately supported or that a jury could not have made a particular finding.[3]  After reviewing the evidence in the Rule 50 prism, the Court then assessed whether the evidence was sufficient to show malice and ratification by clear and convincing evidence.  See

---

[2] Much of Walgreens's motion seems to implicitly take issue with the absence of direct evidence, or emphasizes evidence that may have been contrary to Plaintiff.  However, under Rule 50, the Court disregards the non-moving party's evidence (as long as the jury is not required to accept it) and makes inferences from the evidence that favor the non-moving party.  See Harper, 533 F.3d at 1021.

[3] Walgreens argues that each fact identified by the Court was not necessarily established by clear and convincing evidence.  However, Plaintiff was only required to prove malice and ratification by clear and convincing evidence.  See Cal. Civ. Code § 3294; Judicial Council of Cal., Civil Jury Instructions § 3946.  Walgreens cites no cases that require each and every fact that might be relevant to the issue of malice or ratification to also be proven by clear and convincing evidence.  Rather, Walgreens's cases generally stand for the proposition that the Court views all of the evidence, and the reasonable inferences therefrom, to see if a jury could find malice, fraud, oppression, etc. by clear and convincing evidence.  E.g. Basich v. Allstate Ins. Co., 87 Cal.App.4th 1112, 1119-20 (2001).  That is, there must be sufficient collective evidence that shows malice or ratification by clear and convincing evidence.  See id.  It is true that *Bator v. Carty*, 2002 Cal.App. Unpub. LEXIS 8616 *34-*35 (2002) held that a finding of fraud that was supported by a preponderance of the evidence was insufficient to support punitive damages.  However, the fraud was found during the liability phase.  See id.  Punitive damages are available when there is a finding of fraud, but the fraud must be supported by clear and convincing evidence.  See Cal. Civ. Code § 3294.  That fraud was proven by a preponderance of the evidence for purposes of liability did not mean that it had also been proven by clear and convincing evidence for purposes of punitive damages under Civil Code § 3294.  See Bator, 2002 Cal.App. Unpub. LEXIS 8616 at *34-*35.  Unlike *Bator*, a fraud cause of action was not at issue during the liability phase in this case.

3

Doc. No. 150 at 7; Cf. Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc., 78 Cal.App.4th 847, 891-93 (2000) (finding that while evidence may have demonstrated unreasonable conduct, the evidence did not show despicable conduct, i.e. malice or oppression, by clear and convincing evidence); Tomaselli v. Transamerica Ins. Co., 25 Cal.App.4th 1269, 1288 (1998) ("Nothing was revealed . . . which *adds up to* malice, oppression, or despicable conduct.") (emphasis added).  The Court found that the totality of the evidence was sufficient to support findings of malice and ratification by clear and convincing evidence.

That Walgreens may disagree with the Court's conclusion that the evidence was sufficient to show malice and ratification by clear and convincing evidence does not mean that the Court used the wrong standard.  The Court's analysis and process was consistent with the Ninth Circuit's prior review of punitive damages in this case.  See Mitri v. Walgreens Co., 566 Fed. Appx. 606 (9th Cir. 2014).  Walgreens does not differentiate the Court's analysis from the analysis in *Mitri*.  Also, Walgreens focuses on Page 2 of the Order, without addressing Page 7 of the order.  That page cited to *Mitri* and expressly found that there was clear and convincing evidence of malice and ratification.  Walgreens's focus on Page 2 to the exclusion of Page 7 is improper.

With respect to the amount of punitive damages, the Court applied the *BMW* factors.  See Doc. No . 150.  Walgreens simply disagrees with how the *BMW* factors were applied.  Walgreens points to the 13:1 ratio in this case and the Court's discussion of the size of Walgreens.  The Court found Walgreens's conduct to be highly reprehensible and found that the $1.155 million award did not sting Walgreens particularly hard given its assets and size.  Walgreens does not argue that its size is wholly irrelevant or take issue with the observation that punitive damages are "supposed to sting," see White v. Ford Motor Co., 500 F.3d 963, 976 n.10 (9th Cir. 2007), nor does it adequately address the reprehensibility consideration.

In the end, Walgreens is simply reiterating arguments that were previously rejected or expressing its disagreement with the Court's conclusions.  That is insufficient to warrant reconsideration.  Clarke, 2012 U.S. Dist. LEXIS 181234 at *3; Arteaga, 733 F.Supp.2d at 1236.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   April 9, 2015                               _____
                                                                    SENIOR DISTRICT JUDGE