# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMI MITRI,<br><br>           Plaintiff<br><br>           v.<br><br>WALGREEN COMPANY,<br><br>           Defendant | CASE NO. 1:10-CV-538 AWI SKO<br><br>ORDER ON PLAINTIFF'S REQUEST FOR A BRIEFING SCHEDULE<br><br>(Doc. No. 169) |

      Following an appeal to the Ninth Circuit and acceptance by Plaintiff of a remittitur, the Court ordered the parties to file a joint status report. See Doc. No. 166. Only Defendant filed a status report, as Plaintiff's counsel appears to have been out of town. See Doc. Nos. 168, 169. In Defendant's status report, Defendant states that the entire judgment should be paid to Plaintiff by November 15, 2016, but that there remains an outstanding motion that needs to be resolved, Plaintiff's motion for costs. See Doc. No. 168. Plaintiff's bill for costs was filed on November 15, 2011, and Defendant filed objections the same day.[1] See Doc. Nos. 118, 119.

      On October 25, 2016, Plaintiff's counsel filed a request for a briefing schedule. See Doc. No. 169. Plaintiff's counsel states that that he has been away from the office and that the parties have not yet met and conferred regarding a schedule for the costs motion. See id. Plaintiff's counsel requests that the Court set a briefing schedule on "Defendant's Motion to Tax Costs." Id.

      The Court will deny Plaintiff's request for two reasons. First, the Court is unaware of a motion by Defendant to tax costs. It is the Court's understanding that Plaintiff is the only party

---

[1] Prior to November 15, 2011, the parties submitted earlier bills of costs and objections. Those matters were not resolved, but it appears that the bill of costs that is actually at issue is the bill submitted on November 15, 2011.

who has submitted a bill of costs.  Second, Local Rule 292 deals with costs.  The Local Rule explains that costs are taxed by the Clerk.  See Local Rule 292(d).  After the Clerk resolves the cost motion, a party has seven days to file a motion for the Court to review the Clerk's decision.  See Local Rule 292(e).  Here, because the Clerk has not yet resolved Plaintiff's motion for costs, there is nothing for the Court to review and thus, no basis for setting a briefing schedule.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the Court to set a briefing schedule is DENIED.

IT IS SO ORDERED.

Dated:   October 26, 2016

SENIOR  DISTRICT  JUDGE

2